UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROL ALBERTS,

    Plaintiff,

v.

SALLIE MAE, INC.,

    Defendant.
_____/

Case No. 13-10114

Honorable Nancy G. Edmunds

**ORDER (1) GRANTING IN PART DEFENDANT'S MOTION TO DISMISS [6];**
**(2) DISMISSING PLAINTIFF'S STATE-LAW CLAIMS WITHOUT PREJUDICE; AND**
**(3) CANCELLING JUNE 19, 2013 HEARING**

    Plaintiff filed a three count complaint against Defendant alleging that, while attempting to collect on Plaintiff's son's student loan, Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (federal claim), Michigan's Occupational Code, Mich. Comp. Laws § 339.915 (state-law claim), and Michigan's Collection Practices Act, Mich. Comp. Laws § 445.252 (state-law claim). Plaintiff's complaint asserted that this Court has jurisdiction under the Fair Debt Collection Practices Act and "may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims." (Compl., ¶¶ 1-2.)

    This matter comes before the Court on Defendant's Rule 12(b)(6) motion to dismiss. In her Response, Plaintiff stipulates to the dismissal of her claims brought under the Fair Debt Collection Practices Act. Accordingly, Defendant's motion to dismiss is GRANTED

as to Plaintiff's claims brought under the Fair Debt Collection Practices Act, and Plaintiff's sole federal claim is DISMISSED WITH PREJUDICE.

Having dismissed Plaintiff's sole federal claim, this Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims and thus DISMISSES those claims WITHOUT PREJUDICE. It is well-established that once the district court dismisses all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over the remaining state-law claims. *See* 28 U.S.C. § 1967(c)(3); *see also Whittington v. Milby*, 928 F.2d 188, 194 (6th Cir. 1991) (observing that the plaintiff's pendent state-law claims "should have been 'dismissed without prejudice once plaintiff's federal jurisdictional claim was held to be inappropriate.'") (quoting *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 184 (6th Cir. 1990)). Although Defendant argues that Plaintiff's state-law claims are preempted by the federal Higher Education Act ("HEA") and the regulations promulgated thereunder, Plaintiff argues to the contrary. There is case law that arguably supports Plaintiff's claim. *See e.g., Ammedie v. Sallie Mae, Inc.*, 485 F. App'x 399, 402 (11th Cir. 2012) (determining that the HEA "does not defensively preempt all state-law claims in the area of consumer protection," and "does not occupy the field of student loan debt collection" and thus reasoning that "[i]t follows then that complete preemption does not exist either" to present a basis for federal court jurisdiction) (internal quotation marks and citation omitted).

The Court finds that the facts and legal arguments are adequately presented in the parties' pleadings and that the decision process would not be significantly aided by oral argument. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), it is hereby ORDERED that Defendant's motion to dismiss [6] be resolved as submitted, and

the hearing previously scheduled for Defendant's motion on June 19, 2013 is hereby

CANCELLED.

    SO ORDERED.

                s/Nancy G. Edmunds
                Nancy G. Edmunds
                United States District Judge

Dated:  May 22, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 22, 2013, by electronic and/or ordinary mail.

                s/Johnetta M. Curry-Williams
                Case Manager
                Acting in the Absence of Carol A. Hemeyer